IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAY EDWARD HOBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:07cv1099-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3). The parties have consented to the United States

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties,  the court concludes that the decision of the Commissioner must be reversed and this case remanded for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .
>
> To make this determination,[2] the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction**. Plaintiff Jay Edward Hobbs ("Hobbs") was 42 years old at the alleged date of onset of disability and 43 years old at the time of the hearing before the ALJ. (R. 69, 83 & 359). He has a twelfth grade education and vocational training from a gasoline

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

equipment school.  (R. 359-60).  Following the hearing, the ALJ concluded that the plaintiff has severe impairments of coronary artery disease, gout and hypertension.  (R. 15).  The ALJ also concluded that Hobbs has a non-severe impairment of dysthymic disorder (depression).  (*Id.*).

The ALJ made no finding regarding Hobbs' past relevant work experience, except to conclude that his past work "all ranged from light to heavy in exertion."  (R. 18).  The ALJ concluded that the plaintiff "has the residual functional capacity to perform a full range of sedentary work."  (R. 16).  Finally, the ALJ concluded that Hobbs was unable to perform his past relevant work, but, relying solely on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, she also concluded that the plaintiff was not disabled.  (R. 19).

**B.  Plaintiff's Claims**.  As stated by the plaintiff, Hobbs presents the following two issues for the Court's review:

1. The Commissioner's decision should be reversed, because the ALJ erred in mechanically applying the Medical-Vocational Guidelines in demonstrating that there were significant jobs existing in the national economy that Mr. Hobbs could perform.

2. The Commissioner's decision should be reversed, because his determination that Mr. Hobbs' mental impairments were not severe lacks the support of substantial evidence.

(Pl's Br. at 11).

## IV.  Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether

4

the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments. The court must scrutinize the record in its entirety to determine the reasonableness of the ALJ's decision. *See Walker,* 826 F.2d at 999. Within this analytical framework, the court addresses the plaintiff's specific claims.

**1. Whether the ALJ erred in mechanically applying and relying on the Medical Vocational Guidelines.** Hobbs contends that the ALJ improperly relied the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, ("Grids") because the ALJ failed to properly consider his non-exertional impairments.

In her analysis, the ALJ determined that "[b]ased on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by the Medical-Vocational Rules 201.27 and 201.28." (R. 19). The ALJ then determined that "[a]lthough the claimant has always done heavier work, Appendix 2 to 20 CFR 404.1500 specifies that approximately 200 separate sedentary unskilled occupations can be identified, each representing numerous jobs

5

in the national economy. Approximately 85 percent of these jobs are in the machine trades and benchwork occupational categories. These jobs can be performed after a short demonstration or within 30 days, and do not require special skills or experience." (*Id.*) Accordingly, the ALJ relied on Rules 201.27 and 201.27 of the Grids to conclude that Hobbs is not disabled.

> Exclusive reliance on the grids is appropriate in cases involving only exertional impairments (impairments which place limits on an individual's ability to meet job strength requirements.). . . Exclusive reliance on the grids is inappropriate when a claimant has a non-exertional impairment that significantly limits the claimant's basic work activities.

*Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). *See also Sryock v. Heckler*, 764 F.2d 834 (11th Cir. 1985).

In this case, Hobbs presented evidence that he suffers from pain as a result his quadruple bypass heart surgery and gout.[4] (R. 83, 117, 118, 122, 148, 214, 237-39, 292, 294, 341, 343, 346, 347, & 351). He has also been treated for depression and anxiety. (R. 83, 89, 148, 214, 216, 220, 222, 226, 233-35, 340, 342, 7 344-47). In addition, although the ALJ determined that Hobbs' mental impairments were not severe, she found Hobbs' coronary artery disease, gout and hypertension to be severe impairments which limit his ability to perform work. (R. 18).

> After considering the evidence of record, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to produce

---

[4] Hobbs also suffers from back pain. As recently as June 25, 2007, Dr. Tucker prescribed Celebrex for his back pain which Dr. Tucker described as "chronic, worse with activity or prolonged periods of standing." (R. 342). Prior x-rays demonstrated degenerative changes at L4-L5. (*Id.*; *see also* R. 345-46).

6

> some symptoms, but that the claimant offered no reasonable explanation as to why he has been unable to perform job (sic) that do not require heavy lifting and prolonged standing and walking.  Although the claimant is limited by his cardiac condition as well as his gout symptoms, the Administrative Law Judge finds that neither condition would reasonably be expected to preclude him from performing sedentary work.

(*Id.*).  Once the ALJ concluded that Hobbs suffers from a non-exertional impairment, the ALJ's failure to secure the testimony of a vocational expert at step five of the sequential analysis was error.  *Foote*, 67 F.3d at 1559 (when non-exertional limitations are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert"); *Chester*, 792 F.2d at 132 (The burden of showing by substantial evidence that a person who can no longer perform her former job can engage in other substantial gainful activity is in almost all cases satisfied only through the use of vocational expert testimony.).  Not surprisingly, other courts have reached the same conclusion.  *See Diamond v. Sec. Health and Human Serv.*, – F.2d –, 1994 WL 659118 *2 (6th Cir. 1994); *Sanders v. Sullivan*, 983 F.2d 822, 823-824 (8th Cir. 1992).

Relying on his policies[5] that "pain may cause both exertional and non-exertional impairments," the Commissioner makes the extraordinary assertion that "pain is not an impairment.  Instead pain is a symptom."  (Mem. in Supp. of Comm'r Dec., at 10).  Medically, the Commissioner may be right; legally, the Commissioner is painfully and patently wrong.  In this circuit, "[p]ain is clearly a non-exertional impairment that limits the

---

[5]As cited by the Commissioner, the policies are "20 C.F.R. §§ 404.1569a(a), 416.969a(a);  Social Security Ruling 96–4p, 1996 WL 374187, at *2; Social Security Ruling 96-8p, 1996 WL 374184,at *6."

range of jobs the claimant can perform." *Foote,* 67 F.3d at 1559; *Walker*, 826 F.2d at 1003 ("Pain is a nonexertional impairment.").[6] Depression is also a non-exertional impairment. *See*, *e.g.*, *Sanders v. Sullivan*, 983 F.2d 822, 823 (8th Cir. 1992); *Diamond v. Sec'y of Health & Human Servs.*, 41 F.3d 1506, 1994 WL 659118, at *1 (6th Cir. 1994) (Table); *Gilbert v. Callahan*, 132 F.3d 38, 1997 WL 753361, at *2 (9th Cir. 1997) (Table). Consequently, because the ALJ concluded that Hobbs suffers from a severe non-exertional impairment, her failure to secure the testimony of a vocational expert was erroneous. *Foote*, 67 F.3d at 1559; *Chester*, 792 F.2d at 132.

The Commissioner argues that because the ALJ concluded that Hobbs could perform a full range of sedentary work, there was no error in relying solely on the grids. While the ALJ attempted to characterize Hobbs' non-exertional impairments as not significantly affecting his RFC, the ALJ did not provide a specific analysis with respect to this matter.

> [I]n determining residual functional capacity only exertional limitations are considered . . . If a claimant has nonexertional impairments that significantly limit the ability to do basic work activities . . . then the grid regulations do not apply. . . . However, when both exertional and nonexertional work impairments exist the grids may still be applicable. [N]on–exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at a designated level. Therefore, when both exertional and nonexertional limitations affect a claimant's ability to work, *the ALJ should make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations*. Courts will review this determination only to determine whether it is supported by substantial evidence.

---

[6] Furthermore, in this circuit, pain itself can be disabling. *See Foote*, 67 F.3d at 1561; *Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992).

*Sryock*, 764 F.2d at 836 (internal citations omitted).  *See also Walker*, 826 F.2d at 1003; *Cowart*, 662 F.2d at 736 (holding that general findings regarding impairments insufficient to meet the ALJ's duty.)  The ALJ did not make the requisite specific findings; instead she simply concluded without explanation the Hobbs could do a full range of sedentary work. Because the ALJ failed to make the requisite findings regarding the plaintiff's exertional and non-exertional impairments, the court must conclude that the ALJ's exclusive reliance on the grids in this instance is misplaced.  *See*, *generally*, *Phillips v. Barnhart*, 357 F.3d 1232, 1243-44 (11th Cir. 2004).

**2. Failure to properly consider mental impairment.**  The plaintiff also argues that the ALJ failed to properly consider his mental impairments of depression and anxiety. (Pl's Br. at 14-15).  The court agrees.  The ALJ concluded that Hobbs' mental impairments were not severe because he "neither alleged any mental illness in his application for benefits nor testified that any mental illness had been preventing him from working."[7]  (R. 16).  In addition, the ALJ discounted Hobbs' mental impairments because "there is no evidence of mental health treatment in the record." (*Id.*).  In this regard, the ALJ is simply wrong.  The record is replete with references to Hobbs' depression and anxiety which was treated with

---

[7] The ALJ also relied on her own observations of Hobbs to discount his mental impairments.

> At the hearing, the claimant had no observable difficulty in comprehending questions, or providing answers, and he appeared to pay attention throughout the procedure with no evidence of any concentration deficits.

(R. 16).
The ALJ's improper use of a "sit and squirm" type jurisprudence was an arbitrary substitution of her own hunches and intuition for the diagnoses of medical professionals.  *See Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992).

medication *when he could afford it*. (R. 117, 214, 216, 220, 222, 224, 226, 233-35, 342, 344-45, 346-47). Hobbs repeatedly asserted that he could not afford treatment. (R. 83, 89, 116, 117, 233-35, 237, 292). In his initial application for disability, Hobbs asserted that although he had previously been treated for depression, he could not longer afford his medication. (R. 83). "When I had insurance at the time – I was on depression medication – when the insurance ran out I could no longer afford the medication." (*Id.*). While failure to seek treatment is a legitimate basis to discredit the testimony of a claimant, it is the law in this circuit that poverty excuses non-compliance with prescribed medical treatment or the failure to seek treatment. *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988). During the administrative hearing, Hobbs testified that he had difficulty getting treatment because he had no insurance.[8] (R. 368, 373). When discounting the severity of Hobbs' mental impairments, the ALJ failed to consider whether Hobbs' financial condition prevented him from seeking medical treatment. Thus, the court concludes that the ALJ erred as a matter of law in her treatment of Hobbs' mental impairment because she failed to consider the effect of Hobbs' poverty on his ability to seek medical treatment.

## V. Conclusion

Accordingly, the decision of the Commissioner will be reversed and this case remanded to the Commissioner for further proceedings consistent with this opinion. A separate final judgment will be entered. It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273,

---

[8] At one point, Hobbs was staying in a homeless shelter. (R. 359, 368).

1278 fn. 2 (11th Cir. 2006), the plaintiff shall have **sixty (60)** days after he receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).

Done this 24th day of July, 2008.

                                                /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE